EDMUND JAMISON, and others *vs.* THE STATE OF MARYLAND, use of HORACE RESLEY.

*Pleading—Construction of Art. 38, sec. 1, and Art. 18, sec. 32, and Art. 57, sec. 12, of the Code.*

To an action on a sheriff's bond for fees placed in his hands for collection by a former clerk of the Circuit Court for Allegany County, the defendants, among other pleas, pleaded that the sheriff was unable to collect the fees sued for by distress, execution or otherwise, on account of the plaintiff's failure to make them out in a fair and clear manner, and in words at length as required by law ; and that the said fees did not accrue within three years before the sheriff received the same. To these pleas the plaintiff demurred. HELD :

1st. That the plea first mentioned was not sufficient; and that a plea to this action should have alleged under Art. 38, sec. 1, and Art. 18, sec. 32, of the Code, that the sheriff was unable to collect the fees, because the persons against whom such fees were chargeable required the accounts to be made out in words at length, of which the plaintiff had notice, and that he had failed within a reasonable time to furnish such accounts as required by law.

2nd. That the other plea would be good under Art. 57, sec. 12, in a suit against a fee debtor; but that as a plea to this action it was defective, as it should have averred not only that the fees did not accrue within three years, but that the parties against whom they were charged refused to pay the same, because they were barred by the statute.

APPEAL from the Circuit Court for Garrett County.

The case is stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, GRASON, MILLER, ALVEY, ROBINSON and IRVING, J.

*John W. Veitch,* for the appellants.

Jamison, *et al. vs.* The State, use of Resley.

*William J. Read,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is a suit on a sheriff's bond for fees placed in his hands for collection by the appellee, formerly clerk of the Circuit Court for Allegany County.

The questions to be determined arise upon the defendants' eighth and ninth pleas, to both of which the plaintiff demurred.

As a defence to the action, the defendants by their eighth plea, allege that the sheriff was unable to collect the fees mentioned in the declaration, by distress, execution or otherwise, on account of the plaintiff's failure to make them out in a fair and clear manner, and in words at length as required by law.

The law requires that all accounts for officers' fees, shall be made out "in a fair and clear manner, and in words at length," and it further provides that "whenever any person interested in them, or to whom the same shall be charged, shall require a copy of such account, the several officers herein named shall, in as short a time as may be convenient, give him an account of such charges in words at length." *Article* 38, *sec.* 1, *Article* 18, *sec.* 32, *Md. Code.*

The object of the law was to enable all persons against whom fees were charged by the several officers of the State, to understand precisely the nature and character of such charges, and also to prevent such officers from charging improper and illegal fees.

The several statutes were passed in the interest and for the protection of the *fee debtor.* If such accounts are not made out as prescribed by law, the debtor may object to the payment of the same on that ground, and if such objection be made, the officer must "in as short a time as may be convenient, make out the account in words at length."

This is a privilege however which the debtor may waive, and he may pay the account although it is not made in the manner prescribed.

Here the action is against the sheriff's bond, on the ground that he did not enforce the payment of the fees placed in his hands by the plaintiff according to law, and the plea should have alleged that the sheriff was unable to collect the same, because the persons against whom such fees were charged, required the accounts to be made out in words at length, of which the plaintiff had notice, and that he failed within a reasonable time to furnish such accounts as required by law. Merely saying he was unable to collect the fees mentioned in the declaration, because they were not made out in words at length is not sufficient, because the law contemplates that upon such objection being made by the debtor, the officer shall have a reasonable time within which to make out his account in the manner prescribed by the statute.

The ninth plea is also defective. It alleges that the said fees " did not accrue within three years before the same were placed in the sheriff's hands for collection."

The Code provides, it is true, that officers' fees shall be collected within three years from their date, and not after. *Article* 57, *sec.* 12.

If this were a suit against the fee debtor, this would be a good plea.

This statute was also passed for the protection of the fee debtor, and he has the right to rely upon the plea of limitations if he sees proper.

But this is a suit on the bond of a sheriff, and although the fees placed in his hands for collection did not accrue within three years, it by no means follows that he could not, and did not collect the same.

The plea should have averred not only that the fees did not accrue within three years, but that the parties against

Robinson, *et al. vs.* Consol. Real Estate and Fire Ins. Co.

whom they were charged refused to pay the same, because they were barred by the Statute.

For these reasons the judgment below will be affirmed.

*Judgment affirmed.*